IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARYL S. BOOHER,

                Plaintiff,

                                         CIVIL ACTION
    vs.                                              No. 08-3056-SAC

KANSAS DEPARTMENT OF CORRECTIONS,
et al.,

                Defendants.

### ORDER

This matter is before the court on a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a prisoner confined at the Hutchinson Correctional Facility. Plaintiff proceeds pro se, and the court grants leave to proceed in forma pauperis.[1]

Plaintiff alleges the defendant state officials violated his constitutional rights, causing him to suffer an assault by another inmate and a delay in medical attention. The events in question occurred while plaintiff was incarcerated at the Lansing

---

[1] Plaintiff submitted the initial partial filing fee as directed by the court. Plaintiff is advised that he remains obligated to pay the balance of the statutory filing fee of $350.00 in this action. The Finance Office of the facility where he is housed will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

Correctional Facility (LCF).

The court has conducted an initial screening of this action, as required by 28 U.S.C. §1915A, and has determined that defendants Kansas Department of Corrections (KDOC), Roger Werholtz, and David McKune must be dismissed from this action.

First, the KDOC, as an agency of the State of Kansas, is protected from suit by the Eleventh Amendment, which bars suits in federal court against a state by its citizens. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See Eastwood v. Department of Corrections*, 846 F.2d 627, 631 (10th Cir.1988)("[T]he DOC is an arm of the state and should be entitled to absolute [Eleventh Amendment] immunity.")

Next, plaintiff's claims against defendants Werholtz and McKune allege only that they are responsible for KDOC employees and for the care of prisoners in their custody. A plaintiff seeking relief under § 1983 must allege that each defendant personally participated in the deprivation of constitutional rights. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996)(personal participation is an essential allegation in an action under § 1983). There is no respondeat superior liability in an action under § 1983; rather, "[s]upervisors ... are liable only when they personally participated in the alleged violation." *Bryson v. Gonzales*, 534 F.3d 1282, 1289 (10th Cir. 2008). There is no such allegation against either defendant.

Accordingly, the court will dismiss defendants KDOC, Werholtz, and McKune from this action. The court finds the proper resolution

of plaintiff's claims cannot be achieved without additional information from appropriate officials of the Lansing Correctional Facility.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). *See also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall continue as directed until plaintiff satisfies the $350.00 filing fee.

IT IS FURTHER ORDERED defendants Kansas Department of Corrections, Werholtz, and McKune are dismissed from this action.

IT IS FURTHER ORDERED:

(1)  The clerk of the court shall prepare waiver of service forms for the remaining defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure, to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.  Answers or responses to the complaint, including the report required herein, shall be filed no later than sixty (60) days from the date of this order.

(2)  Officials responsible for the operation of the Lansing Correctional Facility are directed to undertake a review of the subject matter of the complaint:

(a)  to ascertain the facts and circumstances;

(b)  to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(c)  to determine whether other like complaints, whether

3

pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendants' answer or response to the complaint. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.

(4) Authorization is granted to the officials of the Lansing Correctional Facility to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed until the *Martinez* report requested herein has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendants' answer or response to the complaint and the report requested herein. This action is exempted from the requirements imposed under Fed.R.Civ.P. 26(a) and 26(f).

IT IS FURTHER ORDERED the clerk of the court shall enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing the Martinez report ordered herein. Upon the filing of that report, the Department of Corrections may move for termination from this action.

IT IS FURTHER ORDERED plaintiff's motion for service (Doc. 4) is granted, as set forth herein.

Copies of this order shall be transmitted to plaintiff, to defendants, to the Finance Office of the facility where plaintiff is

incarcerated, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:  This 10th day of March, 2009, at Topeka, Kansas.


                                S/ Sam A. Crow
                                SAM A. CROW
                                U.S. Senior District Judge